```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
  VINCENT M. McCONNELL,                        :
                                               :
                          Plaintiff,           :
                                               :      14-CV-5355 (VEC)
                  -against-                    :
                                               :      OPINION AND ORDER
                                               :
  UNITED STATES OF AMERICA, by: U.S.           :
  INTERNAL REVENUE SERVICE, U.S. SOCIAL        :
  SECURITY SERVICE, U.S. OFFICE OF             :
  PERSONNEL MANAGEMENT,                        :
                                               :
                          Defendants.          :
------------------------------------------------------------------- :
  UNITED STATES OF AMERICA                     :
                                               :
                          Plaintiff,           :
                                               :      15-CV-10164 (VEC)
                  -against-                    :
                                               :      OPINION AND ORDER
  VINCENT M. McCONNELL,                        :
                                               :
                          Defendant.           :
------------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/13/2017

VALERIE CAPRONI, United States District Judge:

This case arises from the IRS's assessment of taxes against McConnell for the years 1989, 1990, and 1991 (collectively, the "At-Issue Years"). In *McConnell v. United States*, No. 14-CV-5355 (hereafter, "*McConnell I*"), McConnell seeks a refund of retirement-income benefits that were withheld to pay taxes due for the At-Issue Years. In *United States v. McConnell*, No. 15-CV-10164 (hereafter, "*McConnell II*"), the Government seeks collection of McConnell's outstanding tax liability for the At-Issue Years. McConnell moves for summary judgment in *McConnell I* and *McConnell II*, claiming that the statute of limitations for the IRS to collect taxes due from those years has expired; the Government cross-moves for summary

judgment in both cases, claiming that the limitations period has not expired. For the following reasons, all of the motions for summary judgment are DENIED.

## BACKGROUND

According to the Government, McConnell owes approximately $123,600 in unpaid federal taxes for the At-Issue Years.[1] Government 56.1 ¶¶ 2, 5, 8; Ward Decl. ¶¶ 10, 12, 14.[2] In March 1994, McConnell and the IRS executed a Form 900 Tax Collection Waiver (the "Form 900 Waiver"), which extended the "statutory period" for the IRS's collection of taxes ("Extension Date") until December 31, 2015. Cowart Decl., Ex. 1; McConnell 56.1 Response ¶ 12. The Form 900 Waiver states that McConnell and the IRS agree that the taxes outstanding for the At-Issue Years, plus interest and penalties, may be collected from McConell by levy or a court proceeding begun on or before the Extension Date. Cowart Decl., Ex. 1. The Form 900 Waiver further states that the time for the IRS's collection of taxes will be extended

---

[1] McConnell does not deny that he has unpaid taxes.

[2] Unless otherwise stated, docket entry numbers cited herein are cited with reference to the docket entry numbers in *McConnell I*. The Court uses the following abbreviations herein: Complaint, Dkt. 1 ("Compl."); the United States of America's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1, Dkt. 44 ("Government 56.1"); Plaintiff's Statement of Undisputed Material Facts Pursuant to Rule 56.1 Fed. R. Civ. Proc., Dkt. 76 ("McConnell 56.1"); Response of United States of America to Rule 56.1 Statement of Vincent McConnell, Dkt. 79 ("Government 56.1 Response"); Response of Vincent McConnell to United States of America's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1, Dkt. 65 ("McConnell 56.1 Response"); Affirmation of Vincent M. McConnell, Plaintiff for Summary Judgment, Pursuant to Fed. R. Civ. P. Proc. Rule 56, Dkt. 77 ("McConnell Aff."); Affirmation of Vincent M. McConnell in Reply to United States' Opposition to Vincent McConnell's Motion for Summary Judgment in 14 Civ 5355 and in Opposition to United States Motion for Summary Judgment in 15 Civ. 10164, Dkt. 50 ("McConnell Reply Aff."); Declaration of Rennae L. Ward in Support of the United States of America's Motion for Summary Judgment, Dkt. 42 ("Ward Decl."); Supplemental Declaration of Rennae L. Ward in Support of the United States of America's Motion for Summary Judgment, Dkt. 71 ("Ward Supp. Decl."); Declaration of Brandon Cowart, Dkt. 41 ("Cowart Decl."); Corrected Memorandum of Law in Support of the Government's Cross-Motion for Summary Judgment and in Opposition to Vincent McConnell's Motion for Summary Judgment, Dkt. 49 ("Government Br."); and Vincent McConnell's Reply Memorandum of Law in Support of his Motion for Summary Judgment in 14 Civ 5355 & in Opposition to the United States' Motion for Summary Judgment in 15 Civ. 10164, Dkt. 58 ("McConnell Reply Br.").

past the Extension Date if the taxpayer makes an "offer in compromise" on or before the Extension Date.[3]  Cowart Decl., Ex. 1.

The IRS assessed taxes against McConnell for the 1989, 1990, and 1991 years in May 1990, November 1991, and November 1992, respectively.  Government 56.1 Response ¶ 3; McConnell Aff. ¶ 6.  In December 2002, because McConnell still owed taxes for the At-Issue Years, the IRS levied McConnell's federal retirement-income benefits to pay McConnell's outstanding tax liabilities for the At-Issue Years.  Government 56.1 Response ¶ 1; McConnell Aff. ¶ 6, Ex. C; Compl. at 10.  To date, a portion of McConnell's retirement-income benefits, which include social security and military benefits, continues to be withheld from him and collected by the IRS.  McConnell Aff. ¶ 9.

Claiming that the statute of limitations for the IRS's collection of taxes had expired, McConnell filed claims with the IRS for refund of the withheld retirement-income benefits. Compl. at 11–14; McConnell Aff. ¶ 7, McConnell Aff. ¶¶ 10–11, Ex. A.  The IRS denied McConnell's claim, concluding that the Form 900 Waiver was valid and that the statute of limitations had not expired.  Compl. at 15; McConnell Aff., Ex. E; *see also* McConnell Aff., Ex. F.  After the IRS denied McConnell's refund claim, McConnell filed a lawsuit on July 16, 2014, seeking a full refund of all amounts collected by the IRS after the expiration of the statute of limitations.[4]  *McConnell I.*  On December 30, 2015, the Government filed a lawsuit against

---

[3]   "An offer in compromise is an agreement between the IRS and the taxpayer whereby the IRS agrees to settle a taxpayer's tax liability for less than the full amount owed."  Ward Supp. Decl. ¶ 8.

[4]   Although the Government raised in its Answer the affirmative defense of failure to exhaust administrative remedies, the Government did not press that argument on summary judgment.  In response to McConnell's statement of undisputed fact that his administrative remedies were exhausted pursuant to a June 18, 2014, letter from the IRS, the Government disputed only that McConnell's statement regarding exhaustion was "a statement of law, not a statement of fact."  Government 56.1 Response ¶ 8.

McConnell to collect the federal taxes owed for the At-Issue Tax Years. *McConnell II*. The parties' cross-motions for summary judgment, filed in both cases, are now pending before this Court. *McConnell I* (Dkts. 34, 40); *McConnell II* (Dkts. 18, 25).[5]

## DISCUSSION

The crux of the issue in both cases is whether the statute of limitations expired, thereby barring the IRS's collection of taxes from McConnell, or whether McConnell waived the statute of limitation in connection with an "installment agreement."[6] McConnell moves for summary judgment on the grounds that he is entitled to a refund because the limitations period for the IRS's collection of taxes for the At-Issue Years expired. The Government cross-moves for summary judgment, arguing that McConnell extended the limitations period and that the IRS's collection of taxes was, therefore, not time-barred.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris,* 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87 (1986) (internal quotation marks omitted)). Courts "construe the facts in the light most favorable to the non-moving party and

---

[5] After the motion and cross-motion for summary judgment were fully briefed, McConnell's counsel died, and McConnell elected to proceed *pro se*. Letter Motion, Dkt. 73. Because McConnell was not *pro se* at the time the summary judgment briefs were filed, McConnell's briefs are not *pro se* submissions that must be construed liberally in deciding the motions for summary judgment. *See, e.g.*, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." (internal alterations and citation omitted)).

[6] An "installment agreement" is a payment plan between the taxpayer and the IRS for unpaid tax liabilities. Ward Decl. ¶ 15.

4

resolve all ambiguities and draw all reasonable inferences against the movant." *Delaney v. Bank of Am. Corp.,* 766 F.3d 163, 167 (2d Cir. 2014) (*per curiam*) (quoting *Aulicino v. N.Y.C. Dep't of Homeless Servs.,* 580 F.3d 73, 79–80 (2d Cir. 2009) (alteration omitted)).

The non-moving party, however, "must do more than simply show that there is some metaphysical doubt as to the material facts" and "may not rely on conclusory allegations or unsubstantiated speculation." *Jeffreys v. City of New York,* 426 F.3d 549, 554 (2d Cir. 2005) (citations and internal quotation marks omitted). Rather, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Sista v. CDC IXIS N. Am., Inc.,* 445 F.3d 161, 169 (2d Cir. 2006) (citation omitted). "[I]f the evidence is such that a reasonable jury could return a verdict for the nonmoving party," a motion for summary judgment must be denied. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

The statute of limitations for the Government to collect unpaid tax is ten years from the date of the tax assessment. 26 U.S.C. § 6502(a)(1). This limitations period may be extended by written agreement. *See* 26 U.S.C. § 6502(a)(2). The parties agree that for the Government's attempt to collect taxes for the At-Issue Years to be timely, McConnell must have executed the Form 900 Waiver in connection with an installment agreement. *See* Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, § 3461, 112 Stat. 685 (1998).

Although there is no dispute that McConnell executed the Form 900 Waiver, McConnell 56.1 Response ¶ 12, Cowart Decl. Ex. 1, there is a dispute over whether an installment agreement ever was executed.[7] The Government relies on the entry of a "code 60" in

---

[7] The Government claims that the installment agreement was destroyed pursuant to the IRS's document retention policy, which requires the destruction of an installment agreement after the information is entered into the IRS system. Government Br. at 4, 14; Ward Decl. ¶ 19; Ward Supp. Decl. ¶ 5. McConnell swears that he never signed an installment agreement. McConnell Reply Aff. ¶ 5.

5

McConnell's IRS account as circumstantial evidence that McConnell executed an installment agreement in connection with the Form 900 Waiver.[8]  According to an IRS employee, a "code 60" in the TMF system means that "an Installment Agreement [was] entered into by the IRS . . . and the taxpayer."  Ward Decl. ¶¶ 23, 28.  The IRS employee stated that in her 31 years of IRS employment, she was "aware of no instance in which [an IRS] officer executed a Form 900 Waiver and then an installment agreement within a few weeks later unless the waiver agreement was a condition to [an IRS] officer agreeing to an installment agreement" because "[w]ithout an installment agreement, extending the collection statute of limitations for twenty-one years (as was done [in the Form 900 Waiver]) would make little sense."  Ward Decl. ¶¶ 30, 31.  The IRS employee concluded that the entry of a "code 60" several weeks after the Form 900 Waiver was executed means that McConnell executed an installment agreement in connection with the Form 900 Waiver.  Ward Supp. Decl. ¶ 5.

McConnell, on the other hand, submitted an affirmation in which he stated that he "neither requested . . . nor signed" an installment agreement in connection with the Form 900 Waiver.  McConnell Reply Aff. ¶ 5.  According to McConnell, the Form 900 Waiver was executed not in connection with an installment agreement but in connection with an offer in compromise that the IRS later rejected.  McConnell Reply Aff. ¶ 9.  McConnell explained that he never executed an installment agreement because the additional monthly interest and penalties that he would have incurred through such an agreement "would have posed an insurmountable financial difficulty."  McConnell Reply Aff. ¶¶ 6–7.   McConnell does not offer any evidence

---

[8]    The IRS maintains electronic records relating to a taxpayer's account in the IRS's Tax Master File System ("TMF"), which is accessible through the Integrated Data Retrieval System.  IRS policy requires certain taxpayer activities, such as an installment agreement, to be posted to the TMF.  Ward Decl. ¶¶ 5–8.

other than his own affirmations in support of his position that he never executed an installment agreement.

The fact that the IRS no longer has a physical copy of the installment agreement is not fatal to its case if it has "reliable secondary evidence" that proves the agreement existed. *See Malkin v. United States*, 243 F.3d 120, 122 (2d Cir. 2001). The *Malkin* court concluded that a district court did not clearly err in finding after a bench trial that secondary evidence consisting of IRS records and testimony regarding standard IRS procedures was sufficient to prove that the taxpayer signed the relevant IRS form. *Id.* at 124. Even though the taxpayer disputed that he had signed the form, the *Malkin* court declined to second-guess the trial court's assessment of the credibility of the evidence presented. *Id.* at 123–24 ("It is within the province of the trier of fact to decide whose testimony should be credited, and we are not allowed to second-guess those credibility assessments. Further, where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (internal citations and quotation marks omitted)).

The problem for the Government's motion for summary judgment in this case is that the Government's evidence is controverted; therefore, the existence *vel non* of the installment agreement is a genuine dispute of material fact that must be decided at trial. *Cf. Malkin v. United States*, No. 97 CIV. 9125 WK, 2000 WL 37996, at *3 (S.D.N.Y. Jan. 14, 2000), *aff'd*, 243 F.3d 120 (2d Cir. 2001) (trial court's finding that the taxpayer signed the relevant form was made after a bench trial). Based on the summary judgment record, a reasonable factfinder could find that McConnell did not execute an installment agreement and that the "code 60" in the IRS

system is a mistake.[9] Alternatively, a reasonable factfinder could find that the IRS's records of McConnell's tax account are accurate and that McConnell's testimony that he never executed an installment agreement is not accurate. Indeed, in support of their respective positions on the installment agreement, the parties relied in part on decisions that were issued *after trial*. *See Malkin*, 2000 WL 37996, at *1; *see also Grauer v. Comm'r*, T.C. Memo 2016-52, 2016 WL 1158039, at *1 n.3 (T.C. Mar. 22, 2016).

## CONCLUSION

Because the existence of an installment agreement is a genuine dispute of material fact that is essential to the disposition of the parties' motions, McConnell's motion for summary judgment and the Government's cross-motion for summary judgment are DENIED. The Clerk of Court is respectfully directed to close Docket Entry Nos. 34 and 40 in *McConnell I* and Docket Entry Nos. 18 and 25 in *McConnell II*. The parties are directed to appear for a status conference on January 27, 2017, at 10:00 a.m. at which time the Court will set a trial date in these cases. If Mr. McConnell is physically unable to appear in person for the status conference, Mr. McConnell must inform the Court of that fact by letter not later than January 20. The letter must provide a telephone number at which Mr. McConnell can be reached, and he must commit to be available by telephone from 10:00 am to 11:00 am on January 27, 2017.

In addition, the Court wishes to inform Mr. McConnell regarding a legal clinic opened in this District to assist *pro se* litigants who are parties in civil cases and do not have lawyers. The

---

[9] The Government suggests that McConnell cannot rely on his "own self-serving statements" to defeat summary judgment. Government Reply Br. at 8–9. But it is not clear what the Government would want McConnell to submit. The Government's position is that he signed the installment agreement, and they have circumstantial evidence that he did so. McConnell, on the other hand, denies that he ever did so. Beyond his denial, it is not clear what other evidence would exist to negate the Government's circumstantial evidence and to prove the non-existence of the installment agreement.

Clinic is run by a private organization called the New York Legal Assistance Group; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any unrepresented party through the Pro Se Intake Unit). The Clinic is located in Room LL22 of the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York 10007. The Clinic is open on weekdays from 10 a.m. to 4 p.m., except on days when the Court is closed. An unrepresented party can make an appointment in person or by calling 212-659-6190.

      The Clerk of Court is respectfully directed to mail a copy of this Opinion and Order to Mr. McConnell and to note the mailing on the docket.

**SO ORDERED.**

Date: **January 13, 2017**
      New York, New York

*(signature)*
**VALERIE CAPRONI**
**United States District Judge**